J-S65027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYUS AFERNEE MOORE | : | |
| | : | |
| Appellant | : | No. 911 EDA 2017 |

Appeal from the Judgment of Sentence February 15, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0000274-2015

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 22, 2018**

Tyus Afernee Moore appeals from the judgment of sentence imposed February 15, 2017, in the Delaware County Court of Common Pleas, following the revocation of his parole and probation.  The trial court sentenced Moore to back time of 608 days for the violation of his parole on a charge of retail theft,[1] and a concurrent term of 18 to 36 months' imprisonment for the violation of his probation on a charge of criminal conspiracy.[2] Contemporaneous with this appeal, Moore's counsel has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  The sole issue addressed in the **Anders** brief is a challenge

_____

[1] 18 Pa.C.S. § 3929(a).

[2] 18 Pa.C.S. § 903.

to the discretionary aspects of Moore's revocation sentence. For the reasons below, we affirm the judgment of sentence, and grant counsel's petition to withdraw.

The pertinent facts and procedural history underlying this appeal are as follows. On August 8, 2014, Moore and two females stole more than $900 worth of clothing from a department store in Delaware County. Thereafter, on April 16, 2015, Moore entered a guilty plea to one count each of retail theft and conspiracy. He was sentenced that same day to time served to 23 months' imprisonment on the retail theft charge, and a concurrent term of one-year probation on the conspiracy charge. Moore was immediately paroled.

On October 12, 2015, Moore's probation/parole officer requested a bench warrant for Moore's arrest, after Moore was charged with firearms and drug offenses in Philadelphia. That warrant was rescinded on February 8, 2016, when the charges in Philadelphia were withdrawn. At that time, the case was adopted by federal prosecutors, who believed Moore was going to provide reliable information about several homicides. *See* Request for Bench Warrant, 2/24/2016, at 1. However, Moore subsequently failed to report to his probation/parole officer, and a request for a bench warrant was once again filed. At the February 15, 2017, revocation hearing, Moore stipulated to the probation/parole violation. However, he requested the court sentence him so that he could remain in county prison. Moore's probation/parole officer testified regarding the aforementioned circumstances, including Moore's

purported intent to cooperate with federal authorities. The officer explained that after Moore failed to appear, "[i]t turned into the conviction[ … and] when the U.S. Marshalls went and attempted to arrest him on [the revocation] warrant, as well as the warrant from the federal authorities, he fought them and tried to get away so he wasn't apprehended." N.T., 2/15/2017, at 5. Accordingly, the officer recommended the court sentence Moore to his full back time of 608 days on the violation of his parole for retail theft, and a concurrent term of 18 to 36 months on the violation of his probation for conspiracy. The trial court adopted the recommendation of Moore's probation/parole agent, and imposed the sentence now on appeal.

Moore filed a timely post-sentence motion, asserting his sentence on the conspiracy charge was "overly harsh and excessive, and [] not within the standard sentence guideline range[,]" and that his sentence on the retail theft charge "did not take into consideration that parole remains a viable means of rehabilitating" him. Post-Sentence Motion to Modify Gagnon II Sentence, 2/22/20127, at ¶¶ 10, 14. The trial court denied the motion the next day, and this timely appeal followed.[3]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of

---

[3] On March 21, 2017, the trial court ordered Moore's counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time, counsel complied with the court's directive, and on May 22, 2017, filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

the substantive issues raised on appeal. ***Commonwealth v. Bennett***, 124 A.3d 327, 330 (Pa. Super. 2015). Our review of the record reveals counsel has complied with the requirements for withdrawal outlined in ***Anders***, ***supra***, and its progeny. Notably, counsel completed the following: (1) he filed a petition for leave to withdraw, in which he states his belief that the appeal is wholly frivolous; (2) he filed an ***Anders*** brief pursuant to the dictates of ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009); (3) he furnished a copy of the ***Anders*** brief to Moore; and (4) he advised Moore of his right to retain new counsel or proceed *pro se*. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, we have received no correspondence from Moore supplementing the ***Anders*** brief.

Therefore, we proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quotations and citation omitted). In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues." ***Id.*** at 1249 (footnote omitted).

The sole issue addressed in the **Anders** brief is a challenge to the discretionary aspects of Moore's sentence.[4] A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." **Commonwealth v. Best**, 120 A.3d 329, 348 (Pa. Super. 2015) (quotation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329-330 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

In the present case, although Moore filed a timely appeal and preserved his challenge in a post-sentence motion, counsel failed to include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) in the **Anders** brief. Nevertheless, because the Commonwealth did not object to the omission, we may consider the claim on appeal. **See Commonwealth v. Gould**, 912 A.2d 869, 872 (Pa. Super. 2006). **See also Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa. Super. 2016) (declining to waive a discretionary sentencing claim despite

---

[4] We note that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, **supra**, 83 A.3d at 1034.

the absence of a Rule 2119(f) statement when counsel has requested to withdraw and filed an *Anders* brief). Therefore, we must now determine whether the *Anders* brief raises a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, Moore contends the sentence imposed upon revocation of his parole and probation was "harsh and excessive," and "not within the standard sentence guideline range[.]" *Anders* Brief at 7. Further, Moore argues the trial court ignored the fact that he completed several classes while in federal prison and has grown as a person, so that he is "more amendable to correctional supervision outside of prison." *Id.*

"A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011). Moreover, upon revocation of probation, a court may impose a sentence of total confinement only upon finding that: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c). Therefore, Moore's contention that the court abused its discretion in imposing a term of

- 6 -

imprisonment following the revocation of his probation, also raises a substantial question that the sentence imposed was inconsistent with Section 9771.

Our review of a sentence imposed upon the revocation of probation is different than our review of a sentence imposed following the revocation of parole. When considering a challenge to a sentence imposed upon revocation of probation, our Supreme Court has explained:

> At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. **See Commonwealth v. Reaves**, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).
>
> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
> (1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **See also** Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

**Commonwealth v. Pasture**, 107 A.3d 21, 27–28 (Pa. 2014).

However, upon the revocation of parole, the trial court has no authority to impose a new sentence. **Commonwealth v. Kalichak**, 943 A.2d 285, 290–291 (Pa. Super. 2008). "Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence" and "[a]nd at some point thereafter, the defendant may again be paroled." **Id.** (citation omitted).

Our review of the record reveals no error or abuse of discretion on the part of the trial court. The statutory maximum sentence the court could have imposed upon revocation of Moore's probation on the charge of criminal conspiracy was 30 to 60 months' imprisonment. **See** Guideline Sentence Form, 4/16/2015; 18 Pa.C.S. § 1104 (maximum sentence for first-degree misdemeanor is five years' imprisonment). The court's imposition of a term of 18 to 36 months' imprisonment fell within the statutory maximum.

Contrary to Moore's contention, the trial court was not required to consider the sentencing guideline ranges. **See Pasture**, **supra**.

Furthermore, we find the court did not err in imposing a sentence of total confinement. **See id.** Here, Moore was arrested only six months after his release on the present charges, and subsequently convicted of another crime. **See** Gagnon II Hearing Report, 2/15/2017, at 2 (Moore was convicted in federal court of possession of a weapon on 12/1/2016). Moreover, the trial court commented at the revocation hearing: "I think it's pretty obvious from the recitation of the District Attorney as well as the probation officer this gentleman is not amenable to supervision on the street." N.T., 2/15/2017, at 7. Accordingly, pursuant to Section 9771(c), the court was justified in imposing a sentence of total confinement because Moore was convicted of another crime, and his conduct indicated it was likely he would commit another crime if not incarcerated. **See** 42 Pa.C.S. § 9771(c)(1)-(2). Therefore, no relief is warranted on Moore's probation revocation sentence for the charge of conspiracy.

With regard to the revocation of Moore's parole of the charge of retail theft, we again conclude he is entitled to no relief. Moore does not dispute that his conviction of the federal gun charge constituted a violation of his parole in the present case. Accordingly, we find no abuse of discretion on the part of the trial court in recommitting Moore to serve the balance of his original retail theft sentence and refusing to release him for immediate parole.

Indeed, as explained above, Moore has already demonstrated he is not amenable to supervision outside the confines of prison.

Therefore, we agree with counsel's assessment that the issue identified in the **Anders** brief is frivolous. Moreover, we have conducted "a full examination of the proceedings," and conclude that "the appeal is in fact wholly frivolous." **Flowers**, **supra**, 113 A.3d at 1248.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/18